and may it please the court, Gerard Cedrone for Petitioner Tomas Mendez. The federal crime of misprision of a felony is not categorically a crime involving moral turpitude. The BIA reached the opposite conclusion in this case, but its decision is incorrect and should be set aside for two reasons. First, the Board's decision rests on an incorrect reading of the federal misprision statute. According to the Board, a conviction under 18 U.S.C. Section 4 necessarily involves, in every case, as a categorical matter, a defendant's specific intent to conceal a crime. But everything from the statute's plain text to relevant judicial decisions to real world convictions under the statute confirms that that's not the case. Nothing in Section 4 requires the government to prove that the defendant acted for the specific purpose of covering up a crime or hindering an investigation. So you can accidentally conceal a crime and still be guilty of the felony of misprision of a felony? No, Your Honor. Our position is not that it's enough to accidentally conceal the crime. The act has to be voluntary in the sense that, for example, if somebody knocks over evidence and destroys it, that's not enough to constitute misprision. But it doesn't require that the defendant be acting with the conscious aim of concealing a crime, and that's the key distinction. So if my son comes home and says, I committed a murder last night, and I say, wow, that was pretty bad, I think you should think about turning yourself in. I'm not going to squeal, but you should think about it. And then I do the laundry, and in the laundry there's a bloody shirt, and I don't even think about it. I don't even notice it, but I do the laundry. Am I guilty of misprision of a felony? No, because I think in your hypothetical, the key factor is you said you didn't even notice it. I think if you had noticed the bloody shirt and still done the laundry, in that case, I think that would, under the language of the statute and under the cases applying it, would be enough of an affirmative act to constitute an act of concealment. But that highlights the key distinction, which is – If coupled with – no. In the hypothetical, if coupled with the act of washing the shirt, I think that highlights the key distinction we're trying to draw, which is that is enough of an act of concealment, but it's not a crime of moral turpitude because it's not necessarily done with the specific purpose of hindering an investigation, of covering up a crime. And that's what – that's what makes this statute – If the intent is to cover up the crime, but you're doing it to protect your son, does that make it – would it be a crime of moral turpitude? If the defendant is acting – if the defendant is acting with the specific conscious purpose of covering up the crime, in that instance, it would fall, I believe, within the corrupt mental state that constitutes a crime of moral turpitude. If the motivation was good to protect the son, you're conceding that? I think it depends on – it depends on what the – it depends on what the defendant's conscious motivation is. And so if the – I suppose – Conscious motivation is you don't want to turn your son in. You don't want to see your son go to jail. I mean, is this – so the motivation is understandable that a father would not want to turn in his son. Is it nonetheless a crime of moral turpitude? Does the motivation matter in that – in that scenario? No, Your Honor. If the defendant is acting for the sole – if the defendant's – if all the defendant cares about, in other words, is, for example, protecting their family member or avoiding harm to themselves from the defendant, then their conscious aim wouldn't be to conceal. I think it's also important to remember, though, that the – It is or it isn't a crime of moral turpitude in your view? I believe it would not be. I think it's also important to remember that this is a case under the categorical approach. And so the question is, what is the minimum conduct – minimum conduct that's criminalized by Section 4? The statute uses conceal. And does concealment not imply some kind of fraudulent intent, an effort to hide? It does not, Your Honor. The language of this statute contrasts sharply with language that Congress has used in other statutes to expressly require an intent to conceal element. We cite examples at page 6 of our reply brief and some others at page 47 to 48 of the principle brief, where Congress has written into the statute, sometimes even using the words, intend to conceal. And so this statute is different and doesn't use that language. And we presume that when Congress uses different – What is your view of the mental state that is required under Section 4? I would compare it to – I would – I would – if I could use the common law term, I would call it a general intent crime. I would – I would compare it – maybe make an analogy to the common law crime of battery, which requires physical contact – physical contact where that contact is harmful and offensive. The defendant has to do the physical act voluntarily, but it's – battery at common law is a general intent crime. You don't have to intend to cause the harmful result. All right. But that was my example, wasn't it? So I intended to do the laundry. I didn't accidentally do it. I never accidentally do it. But I intended to do the laundry, and I accidentally concealed the bloody shirt. So I'm guilty of misprision, according to you, right? The key fact in your hypothetical was that you said you didn't even know the shirt was in the laundry. I don't know it's in the laundry. And so a general intent crime requires you to be aware of all the relevant facts in the universe on the ground. That means that I'm looking at sand, and I looked at sand before I even got the letter because that's what – I mean, I've taken misprision of felony pleas before. And so it says the defendant deliberately took some affirmative step to conceal the crime. That's – you agree that that's an element, right? Yes. Okay. And so the defendant deliberately took some affirmative step, which was doing the laundry, and that concealed the crime by hiding or destroying the bloody shirt. Why is that not sufficient? I think it's a general principle in cases involving general intent that the defendant has to be aware of all the relevant fact that – facts that make the conduct unlawful. And so in the example where you're not even aware that the shirt is in the laundry, you're not aware of all the pertinent facts that make your conduct unlawful. So that's fine. But if I am aware of the pertinent facts, and I know that what I'm doing is going to destroy or render useless a piece of evidence, isn't that the type of fraud that is contemplated for a crime of moral turpitude? Isn't that the kind of deceit that's contemplated for a crime of moral turpitude? Under this statute, no, Your Honor, because the statute doesn't require any proof that the defendant acted for the purpose of hindering the investigation. You may – you may know that your act is – is having the effect of concealing a crime, but the statute doesn't require proof of that specific mental state. And that makes sense. It would be – it would be rather difficult for the government to prove that a defendant was acting for the purpose of covering up the crime as opposed to, say, for the purpose of avoiding retribution. But you would typically have – I mean, like a lot of things in the criminal law, you would prove that through – you could prove that through circumstantial evidence. I mean, you're not going to get a defendant who said, you know, I specifically – I harbored this specific intent to violate the statute. You look at the conduct, and you infer it from the conduct, don't you? I suppose there would be ways of proving it. I think the bottom-line point is that this statute doesn't require that type of proof. Everything from the language of the statute to the way the Supreme Court discussed the statute in its Bransburg decision to real-world charging decisions like the government's charging decision in the Lacefield case, the Nebraska gun case that we talk about in our brief, or even the facts of this case, in none of those circumstances does anything point to a requirement of proving specific intent. Thank you. You've saved some time for rebuttal. May it please the Court. My name is Lindsay Glauner, and I represent the government. This Court should deny the incident petition for review for two main reasons. First, the Board reasonably interpreted the term crime involving moral turpitude to include offenses that require intentionally taking an affirmative step to conceal. And second, applying – So the statute changed its position on this point, right? Correct, Your Honor. So what – the statute didn't. What changed? Why the change? When the Board first considered Ms. Preston as a CIMT in 1966, a matter of Sloan, they didn't really give a full consideration to the elements of Section 4. What were they doing if they didn't do that? How could you consider this statute without giving consideration to the elements? I don't understand that. It was a two – there were two crimes at issue in the case, and they focused primarily on one of the other convictions in the case. The earlier one was a mistake. I wouldn't – I would say that the Board reached the proper conclusion in Matter of Considering the Elements of Section 4, they reached the correct conclusion that the elements meet the generic definition for CIMT in this case. Okay, so a parent is sitting down talking to his son and notices that the son has marijuana in a state where it's still illegal. I want you to get rid of that marijuana. I don't want you to tell anybody. I don't want you to use it again. Is that Ms. Preston? Well, I think we first have to assume that he's possessing a large amount of marijuana for it to be a felony. Felony level. A felony level. And then the parent is aware that his possession of that amount of marijuana is a felony, because we can't divorce the knowledge of the felony from the act of concealment. And I think that's a – He sees a felony – he sees drugs on his son. And he tells him to destroy the evidence. I think that is – if he's telling the son to destroy the evidence for the intent to conceal his possession of that amount of marijuana, then that is misprison. And he's intending – he's telling him to destroy the marijuana for the purpose – Would that be a crime of moral turpitude? Yes. I mean, it is misprison. I agree with that. Would it be something that's inherently base, vile, or depraved and contrary to the accepted rules of morality? I think that it's an unfortunate factual scenario that I think does lead to the conclusion that it is a CIMT. The board – What's vile about it? What's base about it? What's vile about that? I think, as the Fifth Circuit explained in Patel v. McCasey, I think it necessarily entails the act of giving the false impression that the felony never occurred. The parent is encouraging this child to cover up a felony. And that is inherently dishonest and deceitful. You think that's the kind of conduct that this statute is aimed at? That – Section 4. I do not believe that. The petitioner is not appointed to any case in which the government has gone after a parent for telling – But we look – under the categorical approach, we look at the minimal conduct – minimal conduct that could be picked up by the statute, right? Right. But we also – And so this hypo, as you've now acknowledged, has been picked up by the statute. Yes. But I think we also have to think of the Supreme Court's decision in Duenas v. Alvarez, whether there's a realistic probability that the government – Let's say someone's walking down the street and sees a murder, a shooting. Witnesses it. Starts walking away. Police officer comes over and says, did you see it? And the witness lies and says, I didn't. Would that be misprision of a felony? And the motivation is – I don't want to be – Is he intending – I mean, if the – He doesn't want to be involved. But, see, the motivation is different than intent. And I think – I'm telling you the motivation, just to fill in the hypo. Is that a crime of moral turpitude? No. And I think the case is – I think United States v. King and United States v. Podick point out the distinction between intent and motivation. I understand. I understand. But my question is, first, would that hypo constitute misprision of a felony? And if so, would you say that that is a crime of moral turpitude? I would say it would not, because you're saying that the reason that he did not – the reason he lied to the officer was because he didn't want to get involved in the crime. So he's not intending – No, no. He didn't want to get involved in the proceedings, or he's afraid. He doesn't want to be a witness. He has knowledge of a felony. He saw it. He's concealing it. He's concealing – But he's concealing a crime, though, right? Is he intending to conceal the felony? Like – Well, he's living in the projects, and these are crack dealers who live in the next building who he knows and know him, to fill out the hypothetical. Crime of moral turpitude? Is he – is he lying to the officers for the intent to conceal the felony? He just – Judge Chin just gave you the facts. Deal with those. I would – if he's – if he's lying to the officers with a specific intent to conceal the felony, then it's misprision. But I think that the statute presents – The next step is crime of moral turpitude would be the next question. My answer remains the same, that I think at bottom – Turpitude rules. At bottom, I think that – that lying – attempting to cover up a felony, making statements that hindered the discovery of the felony or make it so it's preventing the disclosure of the felony is, at bottom, dishonest and deceitful. So in the hypothetical that Judge Chin just gave you, in the government's view, that's crime of moral turpitude? As long as the person is making the statements or engaging in the act with the specific intent to conceal the felony, yes. I think that – I'm not sure I understand this hypothetical. I mean, it seems to me that the crime has occurred. The police officer knows the crime has occurred, so the crime has not been concealed. Evidence has been withheld. That's not – that's not misprison of a felony, right? Right. Under his hypothetical, though, he was saying he was making the statements for the specific purpose to conceal it. But – so yes, I agree with you that if he's – and I do think that this type of offense can lead to just an assortment of hypotheticals that may potentially or may not potentially lead to a conviction under misprison. But none of these hypotheticals find any support in case law. When you look at the cases in which misprison is charged and prosecuted, the underlying felonies are – Well, you know, we're not a common law court, so we don't just line up cases and compare them. What we have to kind of extract from cases like this are rules of more or less general application. Right. And I think that as the Fifth, Seventh, and Eighth Circuits have recognized that the concealment of crimes is inherently morally turpitudinous – I mean, the concealment of crimes has long been condemned throughout history, and I think it remains a badge of irresponsible citizenship. This isn't something that courts treat lightly. And I think the board recognized that. You know, it gave three main reasons for finding this to be reprehensible – not just the dishonest and deceitful character, but also that it's morally contrary to accepted rules of morality and the duties owed to others. Help me with – One – Go ahead. You go ahead. Before you sit down, there may be no answer to this. I saw the look through the record and the briefs and so forth, and we kind of don't know what he did. Petitioners did submit a copy of his information and the plea agreement. Is that something that we can consider? Can we look at – we're not supposed to look at the charging documents in cases like this, right? We – the general principle is if it's included in the administrative record, which it's not in this case, that it's – evidence outside the record is not to be considered by the court. The judgment of conviction is in the record, and it – So what do – help me be sure I understand. What did this man actually do insofar as it's in parts of the record we can consider? The judgment in the record is just the judgment of conviction, which says he was convicted of misprisma felon under 18 U.S.C. Section 4. Is there anything else in the record that describes what he did? There is not, but Petitioners have highlighted what he did specifically in their brief. Another question I have is there's some case law that says moral turpitude refers to, as I suggested earlier, conduct that shocks the public conscience, inherently base, vile, et cetera, very strong language. But then there's also law that says if it involves fraud or deception, then it's a crime of moral turpitude. To me, they seem to be different things. Jumping a turnstile is stealing, and I guess that's been deemed over the years to be a crime of moral turpitude. I mean, it seems that the two definitions are not necessarily aligned or in sync. I mean, I think the Supreme Court first looked at fraud in the context of a CMT, in Jordan v. DeGeorge, and they recognized that fraud is kind of the general, inherently morally depraved act. This is not fraud, though. You would agree with that? I would agree, yes. I do think it is deceitful and dishonest. But I think that the definition of moral turpitude has definitely been refined through the years, and I think that the Board has done a good job of kind of identifying specific elements that these offenses have to meet in order for it to be morally turpitudinous. Thank you. In this offense. I want to be sure I understand the government's position. We've been giving you these hypotheticals about parents not turning in children. Tell me why you think that rises to the level of vileness and heinousness and reprehensibility that the law requires. Because I don't think the act changes. If it's a parent or a random stranger on the street, the act remains the same, and the intent remains. The act and the intent have to remain the same, otherwise they wouldn't be able to be convicted under the statute. The parent is telling the child to destroy the evidence with the specific intent that that evidence be destroyed for that, to cover up the felony. Then they have the same intent. Get out of the house and don't ever bring anything like this back again, and don't tell your mother. If that statement's being made for the specific intent to conceal a felony, then I believe that it remains dishonest and deceitful, just like any other person who says that. The cops are doing a sweep through the projects. Crack guys are shooting at each other, and someone with knowledge of the crime tells the cops, look, I didn't see anything. Witness to the shooting. Ms. Prism. If he's making that specific statement with the intent to cover up the felony, and I think that the United States. I believe that that's a distinction. I think that if you look at United States v. King and United States v. Podick, for example, the act of concealment in United States v. King was the defendant received money from a robbery that his brother and his brother's two friends had committed. The brother received the money, and the court refused to uphold the conviction based on the fact that there wasn't sufficient evidence to establish that the brother received the money with the specific intent to conceal the felony. There could have been a whole host of other reasons that he accepted the money. His brother owed him money from a previous loan. So the court focused on the fact that in accepting the money, there was not sufficient evidence that he accepted the money for the specific purpose. These guys are shooting at each other. It happened all too often in cities in the 80s, and the person in question saw the shooting. The cops were doing a sweep through the projects to try to figure out what happened, and the witness says, I didn't see anything. How could that be anything else than trying to conceal the commission of a felony? I'm not aware of any cases. I don't care about the cases. Just deal with the hypothetical. If they're making the — You don't have to give me a case. Just help me conceptually. If he's making the statement with the specific purpose to conceal the felony, then it's mispresent. First of all, how could the statement be anything else? What else would it be besides trying to divert the police from — The obstruction of justice. If it was withholding evidence and making false statements to a police officer, that would be 1001 under Title 18, right? Or if it was a federal officer, 1001. Right. That is another possibility. I mean, the fact of the matter is misprisonment is not prosecuted very often, and when it is prosecuted, it's most often handled in a plea agreement. Why do you think that's the case? Because if I were to speculate, it's because in most of these cases, they're charged with more serious crimes, and they plea down to misprison. So. Thank you. Thank you. We'll hear the rebuttal. Your Honor, in the government's answer to a number of the hypotheticals, the government built in a specific intent requirement that's not in the statute. The government said, if done with specific intent. And I'd like to talk about two factual scenarios that I think highlight why the statute doesn't require specific intent and so why it would fall outside the definition of moral turpitude. The first is the one discussed by the Supreme Court in Brandsburg. The Supreme Court in Brandsburg discussed a situation in which an individual witnesses a crime, does not participate in it him or herself, and then goes to a journalist and says, I'd like to share with you what I know, but only on condition that my name be kept out of it, that I be kept anonymous. The Supreme Court said that that violates Section 4. We know that that's conduct that violates Section 4. But nothing about that conduct necessarily entails, excuse me, a specific intent to cover up a crime. The other factual example is the one that's involved in this case and the Lacefield case, the Nebraska gun case, cases in which defendants talked to the authorities, shared some of what they knew, but not all of what they knew. So in the Lacefield case, the defendant disclosed what he knew about a crime that A had committed, but did not disclose what he knew about the crime that B and C had committed. There are any number of reasons why that might have been the case, reasons that are highlighted in Your Honor's hypotheticals, fear for retaliation, a desire not to get involved. Nothing in the charging documents in those cases, nothing in the plea colloquy in those cases, nothing in the record in those cases suggested that those acts were undertaken for the specific intent of concealing a crime. Roberts. It sounds like you're inferring from those cases that there's no requirement of specific intent to conceal. Is there a case that addresses that explicitly? It would be a fatal defect if the allegations weren't there, if it is, as the government suggests, an element of the crime. Is there a case that talks about whether specific intent to conceal is required or not required? I would point to the Ninth Circuit's case in Robles-Varela, which discussed this in the moral turpitude context, and the Supreme Court's discussion of the fact pattern in Brandsburg. Thank you. Thank you, Your Honor.